NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., as Securities Intermediary, <br><br> Defendant. | Civil Action No.: 21-cv-02136 <br><br><br> OPINION |

**CECCHI, District Judge.**

I.  **INTRODUCTION**

This matter comes before the Court upon defendant Wells Fargo Bank, N.A.,'s ("Defendant") motion to dismiss plaintiff Ameritas Life Insurance Corp.'s ("Plaintiff")[1] Complaint (ECF No. 1, "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF No. 8. Plaintiff opposed Defendant's motion (ECF No. 16, "Opp."), and Defendant replied (ECF No. 19, "Reply"). The Court has considered the submissions made in support of and in opposition to the motion and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court denies Defendant's motion.

II.  **BACKGROUND**[2]

The instant action arises out of a life insurance policy (the "Policy") issued by Plaintiff, an insurance company, to the Jerry Freid Irrevocable Trust (the "Trust") in 2008. Defendant is currently the securities intermediary that maintains the Policy for the ultimate third-party beneficiary. Plaintiff claims that Defendant is barred from receiving death benefit payments under

---

[1] Union Central Life Insurance Company merged into Ameritas Life Insurance Corp. effective July 1, 2014 (Compl. ¶ 2), and, thus, the Court refers to both entities interchangeably as "Plaintiff."
[2] The following facts are accepted as true for the purposes of the instant motion.

the Policy as it lacks a valid insurable interest in the life of the insured, Jerry Fried. Plaintiff filed this action seeking a declaration from this Court that the Policy has been invalid since inception due to Defendant's lack of a valid insurable interest in the life of Freid. Defendant now moves to dismiss for lack of personal jurisdiction.

On September 8, 2008, Plaintiff issued the Policy to the Trust, insuring the life of Jerry Freid in the amount of $4,000,000 and naming the Trust as the Policy's owner and beneficiary. Compl. ¶¶ 1, 4. Plaintiff alleges that Freid applied for and signed the Policy application in New Jersey while using New Jersey insurance forms and that New Jersey law governed both the Policy itself and the administration of the Trust. *Id.* at ¶ 20; ECF No. 8-3 at 19, 22-29; ECF No. 8-7 at 141; Opp. at 12–13. Plaintiff also alleges that, at the time of the Policy's issuance, both Freid and the Trust were domiciled in New Jersey, holding the address of 322 Hampton Lane, Iselin, New Jersey, 08830. Compl. ¶¶ 22–23.

On May 12, 2011, Defendant and the Trust executed a Policy Owner's Change and Service Request, naming Defendant as the record owner and beneficiary of the Policy in its role as a securities intermediary.[3] Compl. ¶ 27. Defendant is a Delaware corporation with its principal place of business in South Dakota. *Id.* at ¶ 9. Defendant asserts that it took title to the Policy as a securities intermediary for Life Settlements International, LLC ("LSI"), who purchased the Policy directly from the Trust. ECF No. 8-1 at 5–6. Defendant notes that both Freid and the Trust signed the Policyholder Change and Service Request in the state of Florida as then-residents of Florida. *Id.* at 22; ECF No. 8-7 at 235. Defendant claims that at some point thereafter, LSI transferred the Policy to an undisclosed third-party, who then transferred it to Vida Longevity Fund, LP ("Vida")

---

[3] New Jersey law defines a securities intermediary as "a person, including a bank or broker, that in the ordinary course of its business maintains securities accounts for others and is acting in that capacity." N.J. Rev. Stat. § 12A:8-102 (2013).

2

on or about January 2, 2018. ECF No. 8-1 at 5–7. Defendant has owned and maintained, as securities intermediary, the Policy on behalf of Vida since that date. *Id.*

Freid died on July 29, 2020. Compl. ¶ 33. On August 17, 2020, Defendant notified Plaintiff of Freid's death and that, as record owner and beneficiary of the Policy in its role as a securities intermediary, it sought to collect death benefit payments under the Policy. *Id.* at ¶¶ 35, 43. After Plaintiff conducted an internal investigation (*id.* at ¶ 36), it concluded that the Policy was procured by a third party who lacked the requirement of an insurable interest in Freid's life and that Defendant's claim to the death benefits under the Policy were thus invalid. *Id.* at ¶¶ 38–39, 42. Plaintiff subsequently rescinded the Policy as void *ab initio*. Opp. at 18.

Plaintiff filed the instant Complaint on February 9, 2021, asserting that the Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00. Compl. ¶ 10. In the Complaint, Plaintiff seeks a declaratory judgment that the Policy is void *ab initio* due to its lack of insurable interest. *Id.* ¶¶ 39, 46. On June 15, 2021, Defendants moved to dismiss the Complaint on the grounds that it is not subject to personal jurisdiction in this Court. ECF No. 8. Plaintiff filed an opposition on August 13, 2021 (Opp.), to which Defendant replied on September 7, 2021 (Reply).[4]

---

[4] After the instant action was filed, on June 14, 2021, Defendant sued Plaintiff in the United States District Court for the District of Nebraska based on the same set of facts, alleging breach of contract in connection with Plaintiff's denial of Defendant's claim for death benefit payments under the Policy. *See Wells Fargo Bank, N.A. v. Ameritas Life Insurance Corp.*, No. 21-3118 (D. Neb. filed June 14, 2021). District Judge Gerrard stayed that action pending the disposition of Defendant's instant motion before this Court. *Id.*, ECF No. 36.

### III. <u>LEGAL STANDARD</u>

The Court must grant a defendant's motion to dismiss under Rule 12(b)(2) if the Court does not maintain personal jurisdiction over the defendant. Once a defendant challenges personal jurisdiction in this manner, the burden of establishing personal jurisdiction shifts to the plaintiff. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citations omitted). To demonstrate personal jurisdiction, the plaintiff may rely on the allegations in the complaint, affidavits, or other evidence. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). Where the court chooses not to conduct an evidentiary hearing, the plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992) (citations omitted). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Id*.

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Vetrotex Certaineed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 2002).

### IV. <u>DISCUSSION</u>

Defendant argues for dismissal of the Complaint on grounds that it is not subject to "general" personal jurisdiction, "specific" personal jurisdiction, or "successor" personal

jurisdiction in this Court. *See* ECF No. 8-1. However, the Court finds, as explained below, that it maintains specific personal jurisdiction over Defendant.

To establish a prima facie case of specific personal jurisdiction, Plaintiff must show: (1) Defendant "purposefully directed [its] activities at [New Jersey];" (2) Plaintiff's claims "arise out of or relate to at least one of those activities," and (3) "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotations and citations omitted). All three prongs are satisfied here.

Under the first prong of this analysis, Plaintiff must establish that Defendant had sufficient minimum contacts with New Jersey. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A finding of personal jurisdiction requires the Defendant to have "purposefully avail[ed]" itself of the laws and benefits of conducting business in New Jersey. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). It follows that a plaintiff must establish that the defendant purposefully availed itself of the forum to a degree "such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).

Here, the action arises out of a life insurance policy obtained by a New Jersey based trust, insuring a New Jersey resident, executed in New Jersey, and governed by New Jersey law. Defendant avers that Plaintiff has not shown sufficient minimum contacts between Defendant and New Jersey because: (1) its only contact with Freid and the Trust occurred once both had become domiciled in Florida; and (2) it has not performed any action in New Jersey with respect to the Policy or on behalf of Vida.[5] Defendant relies on *Burger King*, 471 U.S. at 482, and its Third

---

[5] Specifically, Defendant alleges that: all communications concerning the policy between Plaintiff and Defendant have occurred outside of New Jersey; Defendant's actions in becoming the owner and beneficiary of record of the Policy were performed outside of New Jersey; all of Defendant's premium payments have been transmitted by bank accounts outside of New Jersey; all documents

Circuit progeny to argue that the Policy's connection to New Jersey is insufficient to establish minimum contacts with the state. Reply at 4–8. However, while this connection may be insufficient in typical contracts, this Court has repeatedly emphasized the unique nature of life insurance policies when establishing minimum contacts with the forum state, and has distinguished a securities intermediary from a typical party to a contract. *See, e.g.*, *W. Coast Life Ins. Co. v. Wells Fargo Bank, N.A.*, No. 20-4350, 2021 WL 2712152, at *4 (hereinafter, *W. Coast II*) (citing *Lincoln Benefit Life Co. v. Wells Fargo Bank, N.A.,* Civ. No. 17-02905, 2017 WL 6539244, at *3 (D.N.J. Dec. 20, 2017) (hereinafter, *Lincoln II*) ("Taking a holistic approach as the *Burger King* Court did, . . . the Court emphasizes the unique nature of a life insurance policy that takes a direct interest in and guarantees the life of an individual.")).

Here, the Court relies on four instructive opinions in two cases holding that Plaintiff has satisfied the first prong – *Lincoln Benefit Life Co. v. Wells Fargo Bank, N.A.*, No. 17-2905, 2017 WL 4953904, at *3 (D.N.J. Nov. 1, 2017) (hereinafter *Lincoln I*), *reconsideration denied*, 2017 WL 6539244 (D.N.J. Dec. 20, 2017) (*Lincoln II*); and *W. Coast Life Ins. Co. v. Wells Fargo Bank, N.A.,* No. 20-435, 2021 WL 302919 (D.N.J. Jan. 29, 2021) (hereinafter, *W. Coast I*), *reconsideration denied*, 2021 WL 2712152 (D.N.J. July 1, 2021) (*W. Coast II*). In both sets of cases, as here, the plaintiff sought a declaratory judgment to void a life insurance policy *ab initio* due to lack of insurable interest, and Wells Fargo moved to dismiss for lack of personal jurisdiction in New Jersey. *Lincoln I*, 2017 WL 4953904, at *1; *W. Coast I*, 2021 WL 302919, at *1. And in both instances, the court found that a life insurance policy initially signed and delivered by parties in New Jersey containing a "Conformity with Laws" provision subjecting the Policy to the laws

---

received from Plaintiff relating to the policy have been sent and received outside of New Jersey; and Defendant has not otherwise performed or directed any action with respect to the policy in New Jersey. *Id*. at 17–24.

of the state in which it was signed sufficiently established minimum contacts and thus specific personal jurisdiction over Wells Fargo in New Jersey. *Lincoln I*, 2017 WL 4953904, at *3–4; *Lincoln II*, 2017 WL 6539244, at *2–3; *W. Coast I*, 2021 WL 302919, at *4–6; *W. Coast II*, 2021 WL 2712152, at *3–4. This Court similarly finds that the Policy here appropriately established minimum contacts between Defendant and New Jersey because it was initially signed and delivered by parties in New Jersey, and governed by New Jersey law. *See Lincoln I*, 2017 WL 4953904, at *3–4; *Lincoln II*, 2017 WL 6539244, at *2–3; *W. Coast I*, 2021 WL 302919, at *4–6; *W. Coast II*, 2021 WL 2712152, at *3–4. Therefore, the first prong of the analysis is met.

Regarding the second prong of this analysis, that Plaintiff's claims must relate to Defendant's contacts to the forum state, the Third Circuit has not adopted a bright-line rule but generally has required "a closer causal connection than but-for causation" to establish relatedness. *HS Real Co., LLC* v. *Sher*, 526 F. App'x 203, 206 (3d Cir. 2013). Defendants argue that its actions do not relate to the forum because it took title to the policy when neither Freid nor the Trust were residents of New Jersey. However, such changes in domicile do not negate the Policy's contacts with New Jersey. *Lincoln I*, 2017 WL 4953904, at *3. The Court has found that the "state in which the policy was signed, and thus where this cause of action initially arose, is dispositive." *Id.* The Court in *W. Coast I* expanded on this holding, finding, as here, that the Trust made "purposeful contact with New Jersey when the Trustee, decedent, and insurance agent all signed the policy application in . . . New Jersey, especially when considering the policy was governed by New Jersey Law." 2021 WL 302919, at *5. Further, insofar as Defendant avers it is merely a downstream assignee over which Plaintiff must establish independent specific personal jurisdiction, this Court has previously rejected this argument where, as here, the underlying contract is a life insurance policy. *W. Coast II*, 2021 WL 2712152, at *4 (citing *Lincoln II*, 2017

WL 6539244, at *5). Here, as in *W. Coast I*, "Defendant's contacts with New Jersey are relevant to the merits of … Plaintiff's claims, and Plaintiff has shown a prima facie case of minimum contacts." *W. Coast I*, 2021 WL 302919, at *6. Thus, the second prong is satisfied.

Under the third prong, requiring that the exercise of personal jurisdiction comport with "fair play and substantial justice," the burden is on the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Courts in this district regularly find personal jurisdiction satisfied if the plaintiff satisfies the first two prongs and the defendant offers no argument on the third. *W. Coast I*, 2021 WL 302919, at *7 (citing *Batinkoff v. Church & Dwight Co.,* No. 318-16388, 2020 WL 1527957, at *13 (D.N.J. Mar. 31, 2020)). Here, Defendant has not offered any clear argument under the third prong. Thus, Defendant has not presented a "compelling case" that the exercise of personal jurisdiction here would offend the notions of fair play and substantial justice, and the third prong is satisfied.

Accordingly, in light of *Lincoln I & II* and *W. Coast I & II*, the Court finds that it maintains specific personal jurisdiction over Defendant.[6]

## V. CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to dismiss (ECF No. 8) Plaintiff's complaint for lack of personal jurisdiction.

**DATED**: January 28, 2022

s/ Claire C. Cecchi
**HON. CLAIRE C. CECCHI, U.S.D.J.**

---

[6] Given that the Court has already found specific personal jurisdiction over Defendant, it need not address Plaintiff's arguments regarding general personal jurisdiction and successor personal jurisdiction. *See W. Coast I*, 2021 WL 302919, at *7 n.5–6.