**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., | Civil Action No.: 21-cv-02136 |
| Plaintiff/Counter-Defendant, | |
| v. | **OPINION** |
| WELLS FARGO BANK, N.A., as Securities Intermediary, | |
| Defendant/Counter-Plaintiff. | |

**CECCHI, District Judge.**

## I.       INTRODUCTION

This matter comes before the Court on plaintiff/counter-defendant Ameritas Life Insurance

Corp.'s ("Ameritas") appeal (ECF No. 50) of Magistrate Judge Andre M. Espinosa's order dated

June 16, 2022 (ECF No. 49, the "Espinosa Order").   The Espinosa Order granted

defendant/counter-plaintiff Wells Fargo Bank, N.A.,'s ("Wells Fargo") motion to stay this action

pending resolution of an action initiated by Wells Fargo in the United States District Court of

Nebraska captioned *Wells Fargo Bank, N.A. as Securities Intermediary v. Ameritas Life Insurance

Corp.*, No. 21-3118 (the "Nebraska Action").   Wells Fargo opposed Ameritas' appeal (ECF No.

51) and Ameritas replied (ECF No. 52).   The Court has considered the parties' submissions in

support of and in opposition to the appeal, and decides this matter without oral argument pursuant

to Fed. R. Civ. P. 78(b).   For the reasons set forth below, the Court affirms Judge Espinosa's

decision and denies Ameritas's appeal.

II.     **BACKGROUND**[1]

On February 9, 2021, Ameritas commenced this declaratory judgment action seeking to have the operative life insurance policy insuring the life of Jerry Freid (the "Policy") deemed void *ab initio* due to Wells Fargo's alleged lack of a valid insurable interest in the policy holder.  ECF No. 1.  The day after filing suit, by letter dated February 10, 2021, Ameritas purportedly informed Wells Fargo that it intended to deny Wells Fargo's claim for benefits and void the Policy.  Espinosa Order at 2–3.  On June 14, 2021, Wells Fargo initiated the parallel Nebraska Action based on the same set of facts as the instant suit, asserting breach of contract, promissory estoppel, and unjust enrichment in connection with Ameritas's alleged denial of Wells Fargo's claim for benefits under the Policy.  *See* Nebraska Action, Doc. No. 1.  Further, as part of the Nebraska Action, Wells Fargo seeks to recover damages, estop Ameritas from rescinding the Policy, and obtain benefit/premium payments under the Policy.  *Id.*  The District of Nebraska stayed that action pending the disposition of Wells Fargo's motion to dismiss for lack of personal jurisdiction in this Court.  *Id.* at Doc. No. 36.  Having found personal jurisdiction over Wells Fargo, this Court denied the motion to dismiss.  ECF No. 26.

Subsequently, Wells Fargo answered but moved for a stay of this action in favor of the parallel but later-filed Nebraska Action, arguing that the unique factual scenario presented by this suit justifies an exception to the Third Circuit's "first-filed" rule.  ECF No. 29.  Ameritas opposed the stay motion (ECF Nos. 32, 33) and Wells Fargo replied in support (ECF No. 37).  Judge Espinosa entered an Order granting the motion to stay this action in favor of disposition of the Nebraska Action.  ECF No. 39.  The instant appeal followed.

---

[1] The full background of the case is not described herein.  *See Ameritas Life Ins. Corp. v. Wells Fargo Bank, N.A.*, No. 21-2136, ECF No. 26, 2022 WL 279834 (D.N.J. Jan. 28, 2022).  The Court instead limits its recitation to the details relevant to this motion.


## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that, when a magistrate judge decides a pretrial matter that is non-dispositive, the "district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A).  A decision is clearly erroneous "when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); *Simoni v. Meridian Health Sys., Inc.*, No. 11-7528, 2014 WL 1050453 (D.N.J. Mar. 14, 2014).  A decision is contrary to law when it misinterprets or misapplies applicable law. *Id.*  Because "the magistrate judge is accorded wide discretion," *NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992), "the party filing the [appeal] bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

In granting a motion to stay, the Magistrate Judge is afforded broad discretion to control a docket in the interest of judicial economy.  *See, e.g.*, *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976); *see also Landis v N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  The Third Circuit has held that "a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel*, 544 F.2d at 1215.

## IV.     DISCUSSION

On June 16, 2022, Judge Espinosa granted Wells Fargo's stay motion, finding that the circumstances of this action's filing warranted a departure from the Third Circuit's first-filed rule, and that equitable principles favored a stay of this suit pending resolution of the Nebraska Action. *See* Espinosa Order at 12.  For the reasons set forth below, the Court finds that Ameritas has not met its burden of showing that the Espinosa Order was clearly erroneous or contrary to law. Accordingly, Ameritas's appeal is denied.

Ameritas argues that Judge Espinosa made clear mistakes of fact and law in departing from the first-filed rule to stay this action in favor of the Nebraska Action. *See, e.g.*, *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) (holding that, where parallel actions are proceeding before courts of concurrent federal jurisdiction, "the court which first has possession of the subject must decide it.").  These contentions are unavailing.  While application of the first-filed rule often involves a stay of a second action while the first proceeds, certain exceptions grounded in equitable principles permit the Court to consider the second-filed action while staying the first-filed suit.  *See E.E.O.C.*, 850 F.2d at 975 (finding that the first-filed rule "is not a rigid or inflexible rule to be mechanically applied.") (citation omitted).  These exceptions include bad faith, forum shopping, inequitable conduct, or situations where the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another forum. *Id.* at 976.  The anticipation exception demands particular scrutiny where, as here, the first-filed suit is an action for declaratory judgment filed by the would-be-defendant in an analogous suit for coercive relief.  *See, e.g., Honeywell Int'l, Inc. v. Int'l Union, United Auto., Aerospace and Agri. Implement Workers of Am.*, 502 F. App'x 201, 206 (3d Cir. 2012) (affirming order dismissing the first-filed declaratory judgment action in favor of second-filed action for coercive relief);

4

*Telebrands Corp. v. martFIVE LLC*, No. 13-3374, 2013 WL 4675558, at *6 (D.N.J. Aug. 30, 2013)

(declining to apply first-filed rule where the plaintiff had filed a declaratory judgment action in

anticipation of the defendants' filing of a suit for coercive relief).  Judge Espinosa's well-reasoned

analysis contains a thorough review of relevant facts and law, and meaningfully engages with the

anticipation exception to the first-filed rule.  Espinosa Order at 10–12.  The Espinosa Order

highlights the lack of plausible explanation for the sequence of events in which Ameritas initiated

this lawsuit merely one day prior to responding to and denying the Policy claim submitted by Wells

Fargo.  *Id.* at 10.  Specifically, Judge Espinosa reasoned that Ameritas conceivably filed suit in

this Court prior to notifying Wells Fargo of its Policy determination in order to preempt Wells

Fargo from pursuing its own suit challenging the determination in Ameritas's home forum of

Nebraska.  *Id.*  Ameritas does not offer a sufficient alternate explanation to meet its burden of

demonstrating any clearly erroneous findings.  Thus, in applying the anticipation exception to the

first-filed rule, the Court agrees with Judge Espinosa's finding that the "timeline offered by

Ameritas fails to explain how filing this lawsuit the day before advising the Policy owner of its

claims determination comports with basic notions of fairness."  *Id.* at 11.  Accordingly, Judge

Espinosa's decision to apply an exception to the first-filed rule, which is afforded wide discretion,

was not clearly erroneous or contrary to law.

Insofar as Ameritas argues that Judge Espinosa misapplied and improperly referenced facts

which occurred prior to *Sun Life Assurance Company of Canada v. Wells Fargo Bank, N.A.*, 238

N.J. 157 (N.J. 2019), the Court is not persuaded.  The decision in *Sun Life* determined that under

New Jersey law and public policy, a life insurance policy procured with the intent to benefit

persons without an insurable interest in the life of the insured is void *ab initio*.  238 N.J. at 173–

74.  Nothing in *Sun Life* stands for the proposition that conduct occurring prior to its holding could

not be considered in determining whether to apply the first-filed rule or stay an action. In fact, the *Sun Life* decision itself does not address stay motions, the first-filed rule, nor preclusion of relevant facts which occurred prior to its issuance. Judge Espinosa appropriately considered the facts "in their totality." Espinosa Order at 10. Ameritas has failed to establish why consideration of all of the facts, including those that pre-dated the *Sun Life* decision, would be clearly erroneous. Either through reliance on *Sun Life* or through its own factual recitation, Ameritas does not show how Judge Espinosa erred in challenging Ameritas's seemingly strategic decision to file suit in this Court in anticipation of Wells Fargo's Nebraska Action.[2]

Regardless, as Wells Fargo points out, Judge Espinosa fully considered *Sun Life* (Espinosa Order at 11), but ultimately determined that its application did not warrant particular deference to the first-filed rule. Judge Espinosa reached the conclusion that that even in light of the decision in *Sun Life*, Ameritas nevertheless engaged in seemingly anticipatory conduct by filing the instant action prior to communicating its determination to void the Policy to Wells Fargo. Thus, as discussed above, Ameritas has failed to meet its burden of demonstrating clearly erroneous findings regarding the exception to the first-filed rule. Accordingly, Judge Espinosa appropriately analyzed the relevant facts and law in applying an exception to the first-filed rule, and thus Ameritas's appeal is denied.

---

[2] Ameritas's argument that the Espinosa Order improperly relied on the February 10, 2021 Policy determination letter issued one day after the initiation of this suit is similarly unpersuasive. As discussed above, Judge Espinsoa appropriately considered all applicable facts and law in concluding that Ameritas "offers no plausible explanation" for initiating this lawsuit only one day before submitting its intended denial of the Policy's death benefit claim to Wells Fargo. This further supports the plausible conclusion that the instant action was filed in anticipation of Wells Fargo's likely potential suit in Nebraska. Such is sufficient here, as Ameritas has not demonstrated that Judge Espinosa erred in considering the February 10, 2021 letter.

The Court notes that Judge Espinosa also reasoned that equitable considerations favored a stay of this action.  The Court typically weighs four factors to determine whether to grant a stay: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of a stay would create a clear hardship or inequity for the moving party; (3) whether a stay would simplify the issues and trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Akishev v. Kapustin*, 23 F.Supp.3d 440 446 (D.N.J. 2014) (internal citations and quotations omitted).  Judge Espinosa determined that Ameritas would not be prejudiced by a stay of this suit in favor of the Nebraska Action.  Judge Espinosa considered that Ameritas is at home in Nebraska, where Wells Fargo has filed its suit.  The Nebraska Action will provide the parties an opportunity to litigate all aspects of this controversy, and Ameritas will have the opportunity in the Nebraska Action to assert such claims against Wells Fargo to declare the Policy void and seek an order of recission that would put it in the same posture as if this case proceeded in New Jersey.  Such is sufficient on this appeal.

V.      **CONCLUSION**

For the reasons set forth above, the Court denies Ameritas's appeal (ECF No. 50) and affirms the stay of this action in favor of the Nebraska Action.

**DATED**: October 27, 2022

s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**